IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

IVAN BOYD,

        Plaintiff,

v.

JOLINDA WATERMAN, et al.,

        Defendants.

OPINION AND ORDER

18-cv-530-slc

---

*Pro se* plaintiff Ivan Boyd is proceeding in this civil lawsuit pursuant to 42 U.S.C. § 1983, on the following claims: Eighth Amendment and negligence claims against defendants Edge, Drone, Zemlick, Johnson, Webster, and Lathrop, for their failure to provide Boyd his medications as prescribed on various occasions; an Eighth Amendment excessive force claim against defendant Drone, related to the manner in which she drew Boyd's blood; an Eighth Amendment failure to train claim against defendant Waterman; and a First Amendment retaliation claim against defendant Webster, for his allegedly retaliatory refusal to provide Boyd his medications on September 6, 2018. Defendants filed a motion for partial summary judgment, in which they seek judgment in their favor as to Boyd's (1) excessive force claim against Drone and (2) retaliation claim against Webster, for Boyd's failure to exhaust his administrative remedies for these two claims. (Dkt. 24.) Boyd concedes that he failed to exhaust his excessive force claim against Drone, but he insists that he properly exhausted his claim against Webster. (Dkt. 28.) I will grant defendants' motion as to Drone without further discussion, and for the reasons that follow, I will grant defendants' motion as to Webster as well.

OPINION

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Generally, a prisoner also must "properly take each step within the administrative process" to comply with § 1997e(a). *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This includes following instructions for filing the initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), and filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005), that are "in the place . . . at the time, [as] the [institution's] administrative rules require." *Pozo*, 286 F.3d at 1025.

The purpose of this exhaustion requirement is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006); *see Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013) ("once a prison has received notice of, and an opportunity to correct, a problem, the prisoner has satisfied the purpose of the exhaustion requirement"). If a prisoner fails to exhaust administrative remedies before filing his lawsuit, then the court must dismiss the case. *Perez v. Wisconsin Dept. of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Because exhaustion is an affirmative defense, however, *defendants* bear the burden of establishing that plaintiff failed to exhaust. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

To exhaust state administrative remedies in Wisconsin, inmates must follow the inmate complaint review process set forth in the Wisconsin Administrative Code § DOC 310. Under these provisions, prisoners start the complaint process by filing an inmate complaint with the institution complaint examiner within 14 days after the occurrence giving rise to the complaint.

2

Wis. Admin. Code § DOC 310.09(6). The complaint may "[c]ontain only one issue per complaint, and shall clearly identify the issue." *Id.* § 310.09(e). If the institution complaint examiner rejects a grievance for procedural reasons without addressing the merits, an inmate may appeal the rejection. *Id.* § 310.11(6). If the complaint is not rejected, the institution examiner makes a recommendation to the reviewing authority as to how the complaint should be resolved. *Id.* § 310.11(6). The offender complaint is then decided by the appropriate reviewing authority, whose decision can be appealed by the inmate to a correctional complaint examiner ("corrections examiner"). *Id.* §§ 310.12, 310.13. The corrections examiner then makes a recommendation to the Secretary of the Department of Corrections, who takes final action. *Id.* §§ 310.13, 310.14.

Here, the parties do not dispute that Boyd filed an inmate complaint about Webster's September 6, 2018, refusal to provide him medications. (Ex. 1001 (dkt. 26-2) at 8.) Specifically, Boyd wrote:

> The one issue of these complaint is against C.O. Webster. (I would like to have my medications as prescribed).
>
> The individuals I attempted to resolve this issue with before filing this complaint is the Sgt. Who was working on Echo on 9-6-18, and C.O. Webster. I still did not receive nightly doses of: Mirtazapine, Cyclobenzaprine, and VenlaFaxine.
>
> C.O. Webster was doing med pass on the night of 9-6-18, he walked directly pass my cell with med cart. I informed him repeatedly in loud voice that "I take meds." However, he did not return. . . This is the second time this particular officer has done this. See: previous complaints. I pressed button informed Sgt., still did not receive bed time meds.
>
> *Id.,* all *sic*.

3

Boyd insists that the gist of his complaint about Webster denying his medication should be sufficient to exhaust his retaliation claim. Boyd is incorrect.[1] Certainly, these allegations notified prison officials that Boyd was claiming that Webster acted with deliberate indifference or negligence to Boyd's need for his prescribed medications. Indeed, defendants have not moved for summary judgment on exhaustion grounds as to that claim against Boyd. But Boyd's allegations do not implicate his rights under the First Amendment.

More specifically, Boyd did not identify his constitutionally protected conduct that allegedly caused Webster to punish Boyd by refusing to provide his medications. This means that Boyd did not exhaust his First Amendment retaliation claim. *See Sheahan v. Suliene*, No. 12-cv-433-bbc, 2014 WL 1233700, at *3-4 (W.D. Wis. May 24, 2013) (noting that to properly exhaust a First Amendment retaliation claim, a prison must "identify two things: the protected conduct that provided the retaliation and the retaliatory act") (citing *Wine v. Pollard*, No. 08-cv-173-bbc, 2008 WL 4379236, at *3 (W.D. Wis. Sept. 23, 2008), *Henderson v. Frank*, No. 06-C-12-C, 2006 WL 850660, at *2 (W.D. Wis. Mar. 21, 2006)). Therefore, I am granting defendants' motion for partial summary judgment and dismissing these two claims without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) ("[A]ll dismissals under § 1997e(a) should be without prejudice.").

---

[1] In fact, Boyd insists that defendants' argument is "nonsense," and asks that I impose a monetary sanction against defendants for bringing a frivolous argument. (Pl. Br. (dkt. 28) at 3.) That request is denied.

ORDER

IT IS ORDERED that defendants' motion for partial summary judgment (dkt. 24) is GRANTED. Boyd's Eighth Amendment excessive force claim against Drone and First Amendment retaliation claim against Webster are DISMISSED without prejudice.

Entered this 27th day of June, 2019.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge